**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. _____**

_____
                                                          )
THEODORE ZIOLKOWSKI,                  )
                                                          )
                    Plaintiff,                         )
                                                          )
        vs.                                              )
                                                          )
                                                          )
BOEING NORTH AMERICAN            )
RETIREMENT PLAN; and EMPLOYEE  )
BENEFIT PLANS COMMITTEE,         )
                                                          )
                    Defendants.                       )
_____ )

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Theodore Ziolkowski ("Plaintiff") brings this action under the Employee Retirement

Income Security Act of 1974, as amended ("ERISA") against the Boeing North American

Retirement Plan ("Plan") and the Employee Benefit Plans Committee ("Committee"). Plaintiff

brings this ERISA action (1) to recover benefits due to him under the terms of the Plan, to

enforce his rights under the terms of the Plan, and to clarify his rights to benefits under the terms

of the Plan, and (2) to recover statutory damages for Defendant Committee's failure to provide

Plaintiff with Plan documents, as required by ERISA. Plaintiff has been a participant in the Plan

at all relevant times by virtue of his employment with The Boeing Company ("Boeing") and the

---

[1]This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be
answered by Defendants.

Allen-Bradley Company, Rockwell Automation, Inc., and/or Rockwell International, Corp. (collectively, "Rockwell"), which are the sponsors of the Plan.

<u>PARTIES</u>

1.      Plaintiff is a citizen and resident of North Carolina.

2.      The Boeing North American Retirement Plan ("Plan") is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Boeing sponsored and maintained the Plan. The Plan is sometimes referred to an "BNA 006."

3.      Defendant Committee is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan, pursuant to ERISA § 3(16), 29 U.S.C. § 1002(16).

<u>JURISDICTION AND VENUE</u>

4.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

5.      Venue in this District is appropriate by virtue of Defendants doing business and being found in this District.

<u>FACTUAL ALLEGATIONS</u>

6.      Plaintiff began his employment with Boeing on or about January 2, 1979 and continued to work for Boeing until he was laid off on or about January 3, 1980. During this time, he became a participant in the Boeing North American Retirement Plan Subplan R003,

now known as "BNA R003," and began accruing a vested interest in the Plan.  Boeing was the

Plan's sponsor and administrator when Plaintiff started his employment.

      7.     In or around 1985, Plaintiff began working for Allen-Bradley Company and was a

participant in one of its pension plans ("1985 Allen-Bradley Plan").  In or around this same time,

Rockwell purchased Allen-Bradley and assumed responsibility for 1985 Allen-Bradley Plan

under which Plaintiff was covered at that time.  On information and belief, under the terms of

that plan, any period of time during which a participant received unemployment benefits as a

result of a company layoff was counted as credited service.  As a result of his layoff, Plaintiff

collect unemployment for six months from approximately January through June 1987.  Upon

information and belief, Plaintiff did not receive the six months of unemployment as credited

service under the 1985 Allen-Bradley Plan.

      8.     Plaintiff was subsequently hired by Rockwell at various times in the 1980s,

including in a salaried managerial position on or about January 16, 1989 at Twinsburg, Ohio.  He

went out on a medical leave of absence on or about October 4, 1994.  During this time, he

became a participant in what was called the "Allen-Bradley, a wholly owned company of

Rockwell Automation Salaried Employees Retirement and Pension Plan," with a plan number

R003 ("Allen-Bradley Plan").  Upon information and belief, the Allen-Bradley Plan provided

that a participant on disability leave would receive years of credited service for purposes of

determining the participant's pension.  The Allen-Bradley Plan is a different pension plan than

the Boeing North American Retirement Plan Subplan R003.  The Allen-Bradley Plan is a

different pension plan than the 1985 Allen-Bradley Plan.

      9.     In 1996, Boeing acquired divisions of Rockwell Automation's business that

included the business for which Plaintiff had worked.  In conjunction with that acquisition,

Boeing assumed responsibility for Plaintiff's pension benefit under the Allen-Bradley Plan and the 1985 Allen-Bradley Plan. The Allen-Bradley Plan and the 1985 Allen-Bradley Plan are part of the Plan.

10.     At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Boeing, Allen-Bradley, and Rockwell.

11.     The Plan offers monthly pension benefits.

12.     Under the terms of the Plan, Defendant Committee administers the Plan and has authority to grant or deny benefits.

13.     Defendant Committee has a fiduciary obligation to Plaintiff to administer the Plan fairly, and to determine benefits according to the terms of the Plan.

14.     Plaintiff's benefits under the Boeing North American Retirement Plan commenced on or about September 1, 2006. At the time, Plaintiff began receiving a monthly benefit of $25.77 under/from BNA R003 (Life Annuity), and $327.22 under/from BNA B006 (Life Annuity) – for a total monthly pension benefit of $352.99.

15.     On or about February 25, 2020, Plaintiff wrote to the Plan Administrator requesting that his pension "be investigated and recalculated" based on additional periods of employment that would entitle him to a higher monthly pension amount; and that he receive information related to a disability pension applicable after he went out of work in October 1994 due to a disabling fall.

16.     In or about April 24, 2020, Plaintiff received correspondence from the Boeing Retirement Service Center stating that Plaintiff's employment records reflected work from January 2, 1979 to January 4, 1980 under "Sub-Plan R003," and periods of work in "1980, 1985, and from January 16, 1989 to October 5, 1995 while [Plaintiff] was in Sub-plan B006." As a

result, Plaintiff's "Credited Service under Sub-Plan B006 should increase to 6.7200 years of service," resulting in an increase in his monthly pension benefit from $327.22 to $386.54. Plaintiff would also receive a retroactive payment of $11,566.31, which included back pension benefits and $1,719.19 of interest. The April letter also stated that Plaintiff did not qualify for a disability pension as of October 4, 1994, because Plaintiff's recalculated [7.803] years of Credited Service did not meet the requirements for a disability pension under "The Boeing North American Sub-Plan B06 Plan Document." The correspondence, however, did not address the provisions of the Allen-Bradley Plan that provided credited service for the years that Plaintiff was on a medical leave of absence. The correspondence also did not address the provisions of the 1985 Allen-Bradley Plan that provided credited service for the period that Plaintiff was unemployed.

17.     On or about May 8, 2020, Plaintiff appealed the Committee's decision; he again detailed the periods of his employment with Rockwell International and Allen-Bradley from January 2, 1979 to October 4, 1994, as well as the time period from September 30, 1994 to August 2, 2006 when he was on disability under a medical leave of absence, for purposes of calculating his years of Credited Service and Boeing monthly pension payments under the Plan. Plaintiff asked the Committee to recalculate his Boeing monthly pension payment based on additional years of Credited Service. Under the terms of the Allen-Bradley Plan, as subsumed by the Plan, Plaintiff was entitled to years of credited service in calculating his pension amount for the time from September 30, 1994 until August 2, 2006, while he was on disability and a medical leave of absence. Under the terms of the 1985 Allen-Bradley Plan, as subsumed by the Plan, Plaintiff was entitled to six months of credited service in calculating his pension amount for the time in 1987 while he was on unemployment.

18.     Defendant Committee granted in part and denied in part Plaintiff's appeal of his claim for additional pension benefits.  The Committee again increased Plaintiff's Credited Service under Sub-Plan B006 from 6.7200 years of service to 8.75 years, resulting in an increase in his monthly pension benefit from $386.54 to $503.31.  Plaintiff also received a retroactive payment of back pension benefits, which included interest.  The Committee, however, did not address the provisions of the Allen-Bradley Plan that provided credited service for the years that Plaintiff was on a medical leave of absence.  The Committee also did not address the provisions of the 1985 Allen-Bradley Plan that provided credited service for the period that Plaintiff was unemployed.

19.     On February 25, 2020, Plaintiff wrote to Defendant Committee, the plan administrator under ERISA for the Plan, and requested a copy of the Allen-Bradley Plan to clarify his rights under the Plan.

20.     Plaintiff is entitled to the requested documents under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

21.     Defendant Committee has failed to timely provide Plaintiff with the requested documents.

22.     Defendant Committee has not provided Plaintiff with any reasons for its failure to provide the requested Plan documents to which Plaintiff is entitled under ERISA.

23.     Plaintiff has been harmed by Defendant Committee's failure to provide the requested Plan Documents in that, among other things, Plaintiff has not received all the information to which he is entitled under ERISA and has had to prosecute his claims through the administrative process and litigation without such information.

24.     Plaintiff also wrote Rockwell Automation in July and August 2021 and requested a copy of the Allen-Bradley Plan.  However, Rockwell Automation also refused to provide Plaintiff with a copy of that plan.

25.     To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

26.     Defendants have wrongfully denied pension benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

     a.     Defendant Committee failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is entitled to additional years of Credited Service; and

     b.     Defendant Plan has violated its contractual obligation to furnish full and complete pension benefits to Plaintiff.

FIRST CLAIM FOR RELIEF:
WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

27.     Plaintiff reincorporates and realleges the above allegations as if fully set forth herein.

28.     Defendants have has wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

     a.     Defendant Committee failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is entitled to additional years of Credited Service; and

     b.     Defendant Plan has violated its contractual obligation to furnish full and complete pension benefits to Plaintiff.

<u>SECOND CLAIM FOR RELIEF:</u>
<u>STATUTORY DAMAGES FOR FAILURE TO PRODUCE DOCUMENTS</u>
<u>REQUIRED BY ERISA §§ 104 and 502, 29 U.S.C. §§ 1024 and 1132</u>

29.     Plaintiff reincorporates and re-allege the above allegations as if fully set forth herein.

30.     Defendant Committee has failed and refused to provide Plaintiff with documents he requested and to which he is entitled under ERISA § 104(b)(4), 29 USC § 1024(b)(4).

31.     Plaintiff is entitled to recover statutory damages from the Committee, calculated at the rate of $110 per day, from thirty days after the date the Committee received Plaintiff's request for the documents, and continuing until the correct documents are produced, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) and ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).

<u>THIRD CLAIM FOR RELIEF:</u>
<u>ATTORNEY'S FEES UNDER ERISA § 502, 29 U.S.C. § 1132</u>

32.     Plaintiff reincorporates and realleges the above allegations as if fully set forth herein.

33.     Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1.     Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to full and completed pension benefits under the terms of the Plan (including the Allen-Bradley Plan and the 1985 Allen-Bradley Plan), and that Defendants be ordered to pay full and complete pension benefits, including any retroactive benefits and interest, according to the terms of the Plan;

2.     Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to statutory damages for Defendant Committee's failure and refusal to timely provide Plan documents (including the Allen-Bradley Plan), as required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and order Defendant Committee to provide such documents to Plaintiff and to pay Plaintiff $110 per day per document from 30 days after the Plan Administrator received Plaintiff's Plan document request until it provides such documents to Plaintiff;

3.     Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his years of Credited Service;

4.     Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendants' wrongful denial in providing pension benefits to Plaintiff and Defendant Committee's refusal to provide Plaintiff Plan documents;

5.     Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

6.     Enter an award for such other and further relief as may be just and appropriate.

Dated this 21st day of February 2023.

Respectfully Submitted,

*/s/Bryan L. Tyson*
*/s/ Hannah Auckland*
Bryan L. Tyson (N.C. Bar. No. 32182)
Hannah Auckland (N.C. Bar. No. 35953)
Marcellino & Tyson, PLLC
2200 East 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
hauckland@yourncattorney.com

**Attorneys for Plaintiff Theodore Ziolkowski**